IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANT A. GREEN,

    Petitioner,

v.                                                                                                  Civ. No. 21-775 RB/GBW

RICARDO MARTINEZ,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Brant A. Green's Petition for a Writ of Habeas Corpus Under 42 U.S.C. § 2241 (the "Petition") (*doc. 24*) pursuant to the Honorable Robert Brack's Order of Reference (*doc. 26*) referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Having reviewed the relevant briefing, *docs. 24, 31, 36*, and being otherwise fully informed, I RECOMMEND that the Court deny the Petition.

**I.**     **BACKGROUND**

In February 2011, a jury found Petitioner guilty of one count of second-degree criminal sexual penetration of a minor and three counts of second-degree criminal sexual contact of a minor. *See* Respondents' Answer to Brant Green's Pro Se Petition for Writ of Habeas Corpus, *Green v. Bowen, et al.*, No. 1:18-cv-00953-MV-JHR, *doc. 12-1* at 49-52 (D.N.M. June 30, 2020). In October 2011, the Sixth Judicial District, County of Luna, New Mexico, sentenced Petitioner to a 30-year term of imprisonment. *Id*. at 2.

1

Petitioner began serving his prison term in the custody of the New Mexico Corrections Department ("NMCD") in November 2011. *Doc. 31-3* at 62.

While incarcerated, Petitioner has completed four (4) associate's degrees – Associate of Applied Science in Automotive Technology, Associate of Arts in Liberal Arts/University Studies, Associate of Applied Science in Business Administration/General Business, and Associate of Applied Science in Wind Energy Technology – and one (1) certificate in Computer Maintenance from Mesalands Community College.[1] *Doc. 31-4* at 155. Inmates in New Mexico are eligible to earn lump sum meritorious deductions[2] for completing certain educational achievements while incarcerated. *See* N.M. Stat. Ann. § 33-2-34. A lump sum meritorious deduction is a type of good time award or credit[3] that decreases the maximum amount of time an inmate must serve in prison before being eligible for parole or release. *See State v. Tafoya*, 237 P.3d 693, 698 (N.M. 2010).

---

[1] Petitioner has earned additional certificates not relevant here. *See* doc. 31-4 at 155.
[2] Lump sum meritorious deductions are often referred to as lump sum awards. The applicable statute uses the term "lump sum meritorious deductions," *see* N.M. Stat. Ann. § 33-2-24(D)-(E), and I will use that term for the ease of discussion.
[3] Courts use the term "good time" to refer to all categories of deductions listed within the Earned Meritorious Deductions Act ("EMDA"). *See Compton v. Lytle*, 81 P.3d 39, 40 n.1 (N.M. 2003) (describing several types of "good time" awards including meritorious good time and lump sum awards) (superseded on other grounds); *see also LaVoy v. Snedeker*, 2004 WL 3778602, at *4 (D.N.M. Mar. 9, 2004) (referring to the EMDA as the New Mexico "good time statute"); *see also Garcia v. Sanders*, 2008 WL 11451323, at *9 (D.N.M. Aug. 20, 2008) (referring to the EMDA as the New Mexico "good time statute"). The terms "good time award" and "good time credits" are used interchangeably. *See Brooks v. Shanks*, 885 P.2d 637, 638 n.1 (N.M. 1994) (stating that "there are a number of good time credits that a prisoner may accrue").

In January 2017, the Northeast New Mexico Detention Facility ("NENMDF") Education Manager recommended that Petitioner be awarded a four-month lump sum meritorious deduction for completing his associate's degree in Wind Energy Technology. *Doc. 31-5* at 162. This recommendation was reviewed by a multitude of parties, including the NENMDF Warden, and was approved in September 2017. *Id*. at 163. Accordingly, Petitioner was awarded four months' worth of good time credit off his original sentence. *Doc. 31-1* at 107-08. Subsequently, the NENMDF Supervisor of Education recommended that Petitioner be awarded three more four-month lump sum meritorious deductions for completing his associate's degrees in Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business. *Doc. 31-5* at 156, 158, 160. However, after a similar review process as before, the recommendations were denied by the warden due to NMCD Policy CD-082801(B)(3)(h) which states, "An inmate may be awarded only one (1) lump sum award for receiving an Associate's degree. Subsequent Associates degrees are not eligible for [a lump sum award]." *Doc. 31-5* at 157, 159, 161, 170. Thus, Petitioner was never awarded good time credits for completing his associate's degrees in Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business.[4]

---

[4] The state record and internal prison records are devoid of any documentation that Petitioner was ever recommended to receive a lump sum meritorious deduction for completing a certificate in Computer Maintenance. *See generally docs. 31-3, 31-2, 31-3. 31-4, 31-5; see also doc. 31-3* at 65 ("As to [Petitioner's] assertion that he was wrongly deprived of a 30-day [lump sum meritorious deduction] for his certificate in computer maintenance, he does not attach to his [a]mended [p]etition any documentation showing that he asked for and was denied that particular [lump sum meritorious deduction]. Therefore, [Petitioner]

3

On November 19, 2018, Petitioner filed a state petition for writ of habeas corpus in the Eighth Judicial District, County of Union, New Mexico, arguing that he was improperly denied lump sum meritorious deductions for completing his associate's degrees in Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business under the Fourteenth Amendment of the United States Constitution. *Doc. 31-1* at 213-54. On May 20, 2020, the state court denied the state petition concluding that NMCD Policy CD-082801(B)(3)(h), which was in effect when Petitioner earned his degrees, "[does] not allow for a [lump sum award] to be awarded for sequential associate's degrees earned by a single inmate." *Doc. 31-3* at 62-65. Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court on July 16, 2020, *doc. 31-3* at 69, but on August 21, 2020, his petition was denied, *doc. 31-5* at 148.

On July 25, 2022, Green filed his Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 arguing that "[t]he denial of [lump sum meritorious deductions] violated [his] constitutional rights protected by the 5th, 8th, and 14th Amendments." *Doc. 24* at 6. The Honorable Robert Brack ordered Respondents to answer Green's

---

has not met his burden to [show] an actual deprivation that would warrant habeas relief.") Accordingly, my recommendation focuses on Petitioner's claims in regard to his four completed associate's degrees. *See Fairchild v. Workman*, 579 F.3d 1134, 1149 (10th Cir. 2009) ("A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.") (citations omitted).

4

Habeas Claim[5] on August 30, 2022. *Doc. 25*. Respondents filed their Answer on October 31, 2022. *Doc. 31*. The Petition was fully briefed on November 30, 2022, with the filing of Petitioner's Reply. *Doc. 36*.

## II.   LEGAL STANDARD

A state petitioner challenging the execution of his sentence properly brings his claims pursuant to 28 U.S.C. § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") (citations omitted). To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

While § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to 28 U.S.C. § 2241 to exhaust available state court remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). Exhaustion requires that a claim be

---

[5] In the state petition for writ of habeas corpus and Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Petitioner also challenged the New Mexico Corrections Department's alleged improper confiscation of his legal materials. *See doc. 24 at 6, doc. 31-1 at 236*. On August 30, 2022, the Court dismissed this claim without prejudice. *Doc. 25*.

pursued through "one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citation and quotations omitted). Said another way, "a state prisoner seeking federal habeas relief generally must have first submitted each of his claims to the State's highest court." *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011) (unpublished).[6] "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). To that end, the exhaustion requirement is satisfied even if "the highest court exercises discretion not to review the case." *Id.*

While exhaustion is undeniably required, the standard of review of the state court's decision is less clear. In *Walck v. Edmondson*, the Tenth Circuit expressly held that, "we review habeas claims made pursuant to § 2241 . . . de novo." 472 F.3d 1127, 1235 (10th Cir. 2007). This standard is a decidedly minority one and is peculiar given that "it seems somewhat contradictory to require § 2241 petitioners to exhaust all state remedies while simultaneously refusing to accord the state determination any deference." *Rascon v. Lopez*, 2012 WL 13076562, at *3-4 (D.N.M. Apr. 24, 2012). More

---

[6] The Court cites unpublished Tenth Circuit cases for their persuasive value. *See Goodwin v. Hatch*, 781 F. App'x 754, 759 (10th Cir. 2019) ("Fed. R. App. P. 32.1 and 10th Cir. R. 32.1 allow citation of [10th Circuit] unpublished decisions for their persuasive value.").

6

significantly, *Walck* appears to conflict with an earlier published opinion without distinguishing it, let alone expressly overruling it based upon an intervening Supreme Court decision. *See Henderson v. Scott*, 260 F.3d 1213, 1215 (10th Cir. 2001) ("Although we analyze [petitioner's] claim under § 2241, we still accord deference to the [state court's] determination of the federal constitutional issue."). It is of course well established that "[a]bsent an intervening Supreme Court or en banc decision justifying such action," a panel lacks the power to overrule prior published precedent. *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir. 1996). Perhaps this issue explains the inconsistency with which courts in the Tenth Circuit have approached the § 2241 review standard. *See Franklin v. Stephenson*, 2022 WL 6103342, at *2 n.2 (D.N.M. Oct. 7, 2022); *see also Brown v. Ulibarri*, 298 F. App'x 746, 748-49 (10th Cir. 2008) (unpublished) (citing and applying the 29 U.S.C. § 2254(d) deferential standard of review to state prisoner's challenge under § 2241 to state court decisions regarding withholding and forfeiture of good time credits). Given the state of the law and my conclusion that Petitioner's claims fail under both standards, I will apply the *de novo* standard.[7]

      Petitioner is a pro se litigant. Accordingly, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008)

---

[7] Hopefully, future appellate opinions will resolve this matter. *Cf. Franklin v. Martinez*, 2023 WL 4995037 (10th Cir. 2023) (finding no Article III jurisdiction when state sought ruling on § 2241 standard of review without challenging the remedy granted by the trial court).

(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]"  *Garrett v. Selby Connor Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted)).  However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id*.

III. **ANALYSIS**

Petitioner alleges that the NMCD inappropriately denied him three four-month lump sum meritorious deductions (or twelve (12) months' worth of good time credit) for the completion of his associate's degrees in Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business in violation of his Fifth, Eighth, and Fourteenth Amendment rights.[8]  *Doc. 24* at 6.

**A. Fifth and Eighth Amendment**

---

[8] In his Reply, Petitioner attempts to bring an Equal Protection Claim, for the first time, by arguing that he was similarly situated to other inmates who were treated differently than him—*i.e.*, prior to the August 2013 revision of NMCD Policy CD-082801(B)(3)(h), other inmates received more than one lump sum meritorious deduction for receiving multiple associate's degrees.  *See doc. 36* at 13-17.  This is a newly raised argument that remains unexhausted.  The Court will not address arguments raised for the first time in a Reply.  *See e.g.*, *Thompkins v. McKune*, 433 F. App'x 652, 660 (10th Cir. 2011) ("[A]s we have previously noted, arguments raised for the first time in a [reply] are not properly presented to the district court, and we will not consider them on appeal."); *see also Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.").

8

It is not clear from either the Petition or the state court record whether Petitioner ever presented a Fifth or Eighth Amendment claim in his state petition for writ of habeas corpus. Nevertheless, I recommend that the Court deny Petitioner's Fifth and Eighth Amendment claims, along with his other claims, on the merits. *See Wood v. McCollum* 833 F.3d 1272, 1273 (10th Cir. 2016) ("A district court confronted with a mixed petition may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits. The court may also permit the petitioner to delete the unexhausted claim from his petition and proceed only on the exhausted claims, or, if the equities favor such an approach, it may stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims.") (citations and quotations omitted).

Petitioner appears to claim that by denying him good time credits, state prison officials violated his due process rights under the Fifth Amendment. *Doc. 24* at 6. The Due Process Clause of the Fifth Amendment applies only to action by the federal government while the Due Process Clause of the Fourteenth Amendment applies to actions by state governments. *Koessel v. Sublette Cnty. Sheriff's Dept.*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Here, Petitioner alleges conduct only done by state authorities, and thus there can be no Fifth Amendment claim. I analyze Petitioner's due process rights under the Fourteenth Amendment below.

9

Similarly, Petitioner appears to claim that by denying him good time credits, prison officials violated his right to be free from cruel and unusual punishment. *Doc. 24* at 6. If so, the claim is frivolous. The Eighth Amendment guarantees a prisoner's right to the minimal civilized measure of life's necessities, not the privilege of a reduced sentence. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004) (holding that a prisoner's Eighth Amendment claim based on "the denial of good time credits and other privileges" was not supported by applicable law). Thus, I recommend that the Court deny Petitioner's Eighth Amendment claim.

### B. Fourteenth Amendment Liberty Interest

Construing Petitioner's argument liberally and taking into consideration the state court records, I interpret Petitioner's argument as asserting a due process liberty interest in the lump sum meritorious deductions that the NMCD declined to award him for the completion of his associate's degrees in Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business. Respondents contend that the EMDA is discretionary, and Petitioner has no liberty interest in unearned, potential good-time credits where the authorizing statute gives authorities discretion to determine eligibility for and grant credits in the first instance. *Doc. 31* at 6-8. I agree with Respondents and recommend that the Court find that Petitioner has no liberty interest in unearned, discretionarily awarded good time credits.

10

Prisoners only have a constitutionally protected liberty interest in good time credits (i) that they have already earned or (ii) that are mandatory; they are not entitled to unearned good time credits that are discretionally awarded. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) ("denying a prisoner mandatory earned time credits—*i.e.*, those to which he has some entitlement—would deprive him of a liberty interest if those credits advance his mandatory date of release on parole. However, where . . . the credits are discretionally awarded, the defendants have not deprived [the prisoner] of any earned time to which he was entitled and thus no liberty interest was involved."); *see also Stine v. Fox*, 731 F. App'x 767, 770 (10th Cir. 2018) (unpublished) (explaining that where good-time credits are discretionally awarded, "the defendants have not deprived the prisoner of any earned time to which he was entitled" and thus no liberty interest is involved) (quoting *Fogle*, 435 F.3d at 1262); *cf. Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994) (recognizing that a statute which states "the department . . . *shall* grant . . . an earned time deduction" might implicate the mandatory rule) (emphasis added).

As noted above, a prisoner may have a liberty interest in good time credits if they are mandatory. In Petitioner's case, they were not. The New Mexico Earned Meritorious Deductions Act ("EMDA") governs the eligibility for and award of good time credits in the New Mexico state prison system. N.M. Stat. Ann. 33-2-34; *Tafoya*, 237 P.3d at 698; *see also State v. Rudolfo*, 187 P.3d 170, 177-78 (N.M. 2008) (describing the EMDA as "a detailed set of guidelines for both the courts and the [DOC] to administer

11

in the ultimate determination of a prisoner's eligibility for good time reductions from his period of confinement."). Subsection D of the EMDA provides for how "[a] prisoner confined in a correctional facility designated by the corrections department *is eligible* for lump-sum meritorious deductions." *Ayala v. N.M. Corr. Dep't*, 2020 WL 7311958, at *1 (N.M. Ct. App. Dec. 7, 2020) (emphasis added). A prisoner becomes eligible for a four-month lump sum meritorious deduction after completing an associate's degree. *See* N.M. Stat Ann. 33-2-34(D)(3) ("A prisoner confined in a correctional facility designated by the corrections department is eligible for lump-sum meritorious deductions as follows: for earning an associate's degree, four months."). However, good time credits are only awarded after a procedure of recommendation and approval set forth in Subsection B of the EMDA which states:

> A prisoner *may* earn meritorious deductions *upon recommendation by the classification supervisor*, based upon the prisoner's active participation in approved programs and the quality of the prisoner's participation in those approved programs. A prisoner *may not earn meritorious deductions unless the recommendation* of the classification supervisor *is approved by the warden or the warden's designee*.

N.M. Stat. Ann. § 33-2-34(B) (emphasis added); *see also* N.M. Stat. Ann. 33-2-34(L)(2) ("'program' means . . . educational . . . programs, approved by the classification supervisor, that contribute to a prisoner's self-betterment through the development of personal and occupational skills."). This statutory language is permissive and thus establishes a discretionary system. *See, e.g., Silva v. Amer. Fed. of State, County and Mun. Employees*, 23 Fed. App'x 975, 977 (10th Cir. 2001);

*cf. Templeman*, 16 F.3d at 370 (recognizing that a statute which states "the department . . . *shall* grant . . . an earned time deduction" might implicate the mandatory rule). Consequently, courts have repeatedly affirmed the discretionary nature of these credits. *See Brown*, 298 F. App'x at 749-50 (finding that the EMDA does not provide an inmate with a constitutionally protected liberty interest in unearned good time credits because of the statute's discretionary nature); *see also Tafoya*, 237 P.3d at 701 ("If an inmate is eligible to earn good time credits under the EMDA, credits are awarded upon recommendation by the classification supervisor, based upon the prisoner's active participation in approved programs and the quality of the prisoner's participation in those approved programs.") (quotations and citations omitted); *see also State v. Smith*, 2019 WL 6717664, at *4 (N.M. Ct. App. Nov. 6, 2019) ("To earn good time credit, a prisoner must participate in particular programs, maintain good behavior, be recommended for good time credit by a supervisor, and have this credit approved by the warden.") (citations omitted); *see also State v. Ardrey*, 2009 WL 6763561, at *3 (N.M. Ct. App. Feb. 9, 2009) ("We observe that the [meritorious deduction program] is conditional: . . . whether a defendant would receive good time credit is a matter of pure speculation."). Therefore, Petitioner cannot establish a liberty interest in the good time credits he seeks based on the theory that they were mandatory.

13

A prisoner might also be able to establish a liberty interest in good time credits which have earned but which the prison officials are seeking to retract. Petitioner's claim fails here as well because he never "earned" the relevant good time credits.  Under Subsection B of the EMDA, a prisoner who has completed an educational program approved by the classifications supervisor can only be awarded – and thus earn – good time credits upon recommendation by the classification supervisor and approval by the warden or the warden's designee. N.M. Stat. Ann. 33-2-34(B).  It is undisputed that the warden never approved Petitioner's request for good time credits for receiving subsequent associate's degrees.[9]  Not only did the warden not approve them, but his denial was based upon NMCD policy.[10]  NMCD Policy CD-082801(D)(3)(h) states, "An inmate may be awarded only one (1) lump sum award for receiving an Associate's degree. Subsequent Associates degrees are not eligible for [a lump sum award].[11]  *Doc.*

---

[9] Although the Supervisor of Education recommended that Petitioner receive three additional four-month lump sum meritorious deductions for completing his degrees in Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business, *doc. 31-5* at 156, 158, 160, those recommendations were denied during review because Petitioner had already earned his one permissible four-month lump sum meritorious deduction for completing his degree in Wind Energy Technology, *id*. at 157, 159, 161.

[10] Subsection H of the EMDA gives the NMCD the authority to promulgate rules to implement the provisions of the EMDA.  *See* N.M. Stat. Ann. 33-2-34(H) ("The corrections department shall promulgate rules to implement the provisions of this section . . . .").

[11] Petitioner alleges that "[p]rior to 2013 inmates regularly received [lump sum meritorious deductions] for earning multiple degrees."  *Doc. 24* at 6.  The 2011 version of NMCD Policy CD-082801(D)(3)(h) confusingly stated, "An inmate may receive more than one (1) [lump sum award] for earning an Associate's degree sequential Associate's degrees are not eligible for a [lump sum award]."  *Doc. 31-2* at 14.  On August 14, 2013, NMCD Policy CD-082801(D)(3)(h) was revised to state, "An inmate may be awarded only one (1) lump sum award for receiving an Associate's degree. Subsequent Associates

14

*31-2* at 21.  In other words, a state prisoner in New Mexico can only earn one four-month lump sum meritorious deduction for completing an associate's degree, regardless of how many associate's degrees the prisoner completes. Therefore, Petitioner did not "earn" good time credits for subsequent associate's degrees because his requests for them were never approved by the warden based upon a rational policy.

In summary, under Subsection D of the EMDA, Petitioner's completion of his associate's degrees in Wind Energy Technology, Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business made him *eligible* to be awarded four four-month lump sum meritorious deductions.[12]  However, the statute does not *mandate* that Petitioner be awarded any lump sum meritorious deductions.  Moreover, he did not *earn* good time credits for his associate's degrees in

---

degrees are not eligible for [a lump sum award]."  *Doc. 31-2* at 21.  Petitioner did not complete any of his associate's degrees until after the August 14, 2013, revision.  *See doc. 31-4* at 155.  Accordingly, the August 14, 2013, policy language controls.  Nevertheless, the state court determined that the 2011 version, although confusing, similarly did not allow for a lump sum award to be awarded for sequential associate's degrees earned by a single inmate because of the policy language stating, "sequential Associate's degrees are not eligible for a [lump sum award]."  *See doc. 31-3* at 64.  Additionally, in his Reply, Petitioner contends that the August 14, 2023, revision of NMCD Policy CD-082801(D) is "an irrational departure from rule."  *Doc. 36* at 15.  I disagree.  Because the EMDA is discretionary and gives the NMCD the authority to promulgate rules to implement the provisions of the statute, the NMCD can change its rules as it sees fit.

[12] Here, Petitioner was awarded – and thus earned – one four-month lump sum meritorious deduction for completing his degree in Wind Energy Technology after recommendation by the Education Manager and approval by the Warden.  *Doc. 31-5* 162-63.  Without question, Petitioner has a liberty interest in his earned four-month lump sum meritorious deduction that was awarded to him in August 2017.  However, Petitioner does not allege that the NMCD improperly revoked or terminated this earned good time credit.  Rather, Petitioner contends that he has a liberty interest in the three four-month unearned lump sum meritorious deductions he was never awarded.

15

Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business because they were not approved by the warden as required. Because prisoners only have a constitutionally protected liberty interest in good time credits that they have already earned or that are mandatory, Petitioner is not entitled to the unearned good time credits that he was denied at the discretion of the NMCD. *See Watson v. Williams*, 329 F. App'x 193, 195 (10th Cir. 2009) (unpublished) (holding that where good-time credits had not been awarded and there being no indication that such credits were mandatory, there was no cognizable claim). Thus, I recommend that the Court find that Petitioner has no liberty interest in unearned, discretionarily awarded good time credits, specifically those he requests for Liberal Arts/University Studies, Automotive Technology, and Business Administration/General Business.

### C. Subsection F of the Earned Meritorious Deductions Act

Petitioner alleges that Subsection F of the EMDA changes this analysis because it "mandates four (4) exclusionary conditions that prohibit inmates from earning monthly good-time credit and [lump sum awards]. Thus [New Mexico] legislators intentionally and with exacting specificity articulated the only circumstances warranting denial of meritorious deductions."[13] *Doc. 24* at 6. If correct, this argument would mean that all

---

[13] It is not clear from either the Petition or the state court record whether Petitioner ever presented this argument in his state petition for writ of habeas corpus. Nevertheless, I recommend that the Court reject this argument on the merits.

good time credits for which a prisoner is eligible are mandatory if they do not fall within the four exclusionary conditions. Respondents contend that Petitioner misinterprets Subsection F, as it merely sets four situations where a prisoner is not eligible to earn meritorious deductions in the first place. *Doc. 31* at 8-10. In support of this argument, Respondents maintain that reading Subsection F through Petitioner's lens "would not only render superfluous the recommendation/approval conditions detailed in Subsection B that serve as prerequisites to a prisoner's earing of deductions, but would also run contrary to circuit and district authority confirming [the EMDA's] discretionary nature." *Id*. at 8. I agree with Respondents.

Subsection F of the EMDA states:

A prisoner is not eligible to earn meritorious deductions if the prisoner:
  (1) disobeys an order to perform labor, pursuant to Section 33-8-4 NMSA 1978;
  (2) is in disciplinary segregation;
  (3) is confined for committing a serious violent offense and is within the first sixty days of receipt by the corrections department; or
  (4) is not an active participant in programs recommended and approved for the prisoner by the classification supervisor.

N.M. Stat. Ann. § 33-2-24(F).

Subsection F simply describes when a prisoner is ineligible to earn meritorious deductions. *See State v. Montano*, 517 P.3d 267, 268 (N.M. Ct. App. Feb. 10, 2022) (describing Subsection F as describing circumstances that render a prisoner ineligible to earn meritorious deductions); *see also Flores v. Nance*, 2012 WL 13081897, at *5 (D.N.M. 2012) (concluding that N.M. Stat. Ann. § 33-2-24(F)(3) does not allow a prisoner who is

in disciplinary segregation to earn good time credits at all).  As noted, it is well accepted that the EMDA is discretionary and does not entitle prisoners to good time credit.  *See Watson*, 329 F. App'x at 195.  A prisoner eligible for good time credit under the EMDA can be denied good time credit for a multitude of reasons under the discretion of the NMCD.  For example, under Subsection B, a prisoner can be denied good time credit simply based upon the quality of the prisoner's participation in an approved program.  N.M. Stat. Ann. 33-2-34(B).  Accordingly, Subsection F does not mandate the only circumstances warranting denial of meritorious deductions and Petitioner's argument fails.

## IV. Conclusion

Based on the foregoing reasons, I RECOMMEND that the Court DENY the Petition WITH PREJUDICE.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**